**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MILTON SYKES,<br><br>        Petitioner,<br><br>    v.<br><br>KATHLEEN L. DICKINSON,<br><br>        Respondent. | No. CV 11-742-SVW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On January 25, 2011, Petitioner Milton Sykes, proceeding pro se, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 in this Court.

**I.**

**PROCEDURAL HISTORY**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in three prior federal habeas corpus actions brought by Petitioner in the Central District of California: *Sykes v. Gomez*, CV 96-8072-SVW (Mc) ("*Sykes I*"); *Sykes v. Roe*, CV 01-10703-SVW (Mc) ("*Sykes II*"); *Sykes v. Knowles*, 09-8377-SVW (RC) ("*Sykes III*").

Petitioner states that he is challenging his conviction in Los Angeles Superior Court Case No. NA018664. (Petition at 2.)

In *Sykes I*, Petitioner filed a petition for writ of habeas corpus by a person in state custody on November 18, 1996.  Petitioner challenged his conviction in Los Angeles County Superior Court Case No. NA018664.  On December 9, 1997, the district court entered a Judgment denying the petition on the merits with prejudice.  (*Sykes I*, Dkt. No. 19.)  On February 17, 1998, the district court entered an order denying a certificate of appealability.  (Dkt. No. 22.)  After Petitioner filed a notice of appeal, the Ninth Circuit denied a certificate of appealability.  (Dkt. No. 26.)

In *Sykes II*, Petitioner filed a petition for writ of habeas corpus challenging his conviction in Los Angeles Superior Court Case No. NA018664.  The district court issued an Order and Judgment summarily dismissing the successive petition for lack of jurisdiction.  (Dkt. Nos. 8-9.)  In *Sykes III*, Petitioner again filed a petition for writ of habeas corpus challenging his conviction in Los Angeles County Superior Court Case NO. NA018664.  Petitioner voluntarily dismissed the petition.  (Dkt. No. 6.)

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part, that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals,

consider a second or successive habeas application.") (citation omitted and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Sykes* I. (Petition at 2, 5-6.) The petition in *Sykes I* was denied with prejudice. *See Beaty v. Schriro*, 554 F.3d 780 (9th Cir.), *cert. denied*, 130 S. Ct. 364 (2009).

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition.[1] This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

///
///
///
///
///
///
///
///
///

---

[1] The Ninth Circuit's online docket indicates that it denied Petitioner's application to file a second or successive petition on November 8, 2001, *Sykes v. Roe*, Case No. 01-71295, and March 19, 2001, *Sykes v. Roe*, Case No. 00-71729.

## **ORDER**

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the habeas petition and action for lack of subject matter jurisdiction.

Date: February 23, 2011

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented By:

_____
ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE